OPINION
Vincent Czajka, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-299885, in which the trial court determined that defendant-appellant was a "sexually oriented offender" pursuant to R.C. 2950 et seq. Defendant-appellant assigns five errors for this courts review.
Defendant-appellant's appeal is not well taken.
On August 5, 1993, the Cuyahoga County Grand Jury returned a four-count indictment against defendant-appellant. The first count of the indictment charged defendant-appellant with kidnaping of Donna Biven in violation of R.C. 2905.01. The second count of the indictment charged defendant-appellant with the felonious assault of Donna Biven in violation of R.C. 2903.11. The second count of the indictment also contained a violence specification. The third count of the indictment charged defendant-appellant with the aggravated robbery of Donna Biven in violation of R.C. 2911.01. The fourth and final count of the indictment charged defendant-appellant with the felonious assault of Carol Arvajah. The fourth count also contained a violence specification. On August 11, 1993, defendant-appellant was arraigned whereupon he entered a plea of not guilty to all counts contained in the indictment.
Subsequently, a jury trial commenced in October, 1993. During trial, testimony was presented to demonstrate that defendant-appellant choked Donna Biven to the point of unconsciousness, forced Ms. Biven to drive him to an area of Cleveland in which defendant-appellant believed that he could purchase crack cocaine and forced Ms. Biven to withdraw money from an automatic teller machine so that defendant-appellant would have the necessary funds to purchase the illegal drugs. Similarly, further testimony was presented to demonstrate that defendant-appellant physically assaulted Carol Arvejeh and forced her to engage in unwanted sexual relations on July 24, 1993.
At the conclusion of the trial, the jury found defendant-appellant guilty of the lesser offenses of abduction, in violation of R.C. 2905.02, assault, in violation of R.C. 2903.13, and robbery, in violation of R.C. 2911.02 as each offense related to Donna Biven. Defendant-appellant was convicted of felonious assault of Carol Arvejeh as indicted. On direct appeal, this court affirmed defendant-appellant's conviction in all respects. SeeState v. Czajka (1995), 101 Ohio App.3d 564.
On June 4, 1997, the trial court conducted a hearing pursuant to H.B. 180 and R.C. 2950 et seq., the purpose of which was to determine whether defendant-appellant should be classified as a "sexual predator" under R.C. 2950.01 and therefore subject to the registration and notification requirements of the statute. At the hearing, the state introduced excerpts from defendant-appellant's trial transcript to demonstrate the exact nature of the underlying offenses. Defendant-appellant introduced penal records relating to various rehabilitative programs he had completed during his incarceration. The trial court also engaged defendant-appellant in an extensive discussion on the record.
At the conclusion of the hearing, the trial court determined by clear and convincing evidence that defendant-appellant was a "sexually oriented offender" since the underlying criminal offenses were committed for the purpose of committing sexual violence against two female victims. Accordingly, the trial court ordered that defendant-appellant supply address registration and verification annually for the next ten years pursuant to R.C.2950.06.
On July 3, 1997, defendant-appellant filed a timely notice of appeal from the judgment of the trial court.
Defendant-appellant's first assignment of error states:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT WAS A "SEXUALLY ORIENTED OFFENDER" WHERE APPELLANT WAS NOT CONVICTED OF A SEXUALLY ORIENTED OFFENSE AS DEFINED IN R.C. 2950.01.
Defendant-appellant argues, through his first assignment of error, that the trial court erred in determining that he should be classified as a "sexually oriented offender." Specifically, it is defendant-appellant's position that abduction, R.C. 2905.02, does not constitute a sexually oriented offense unless the victim involved is a minor. In the underlying case, the alleged victim in the abduction charge for which defendant-appellant was convicted was an adult. Accordingly, defendant-appellant maintains that the trial court's determination was arbitrary, capricious and contrary to the statute.
R.C. 2950.01(D)(3) defines "sexually oriented offense" as follows:
 (3) Regardless of the age of the victim of the offense, a violation of section 2903.01, 2903.02, 2903.11, or 2905.01 of the Revised Code, or division (A) of section 2903.04 of the Revised Code, that is committed with the purpose to gratify the sexual needs or desires of the offender.
In the case sub judice, defendant-appellant was convicted of the felonious assault of Ms. Carol Arvajeh in violation of R.C.2903.11. Testimony at defendant-appellant's underlying trial indicated that defendant-appellant assaulted Ms. Arvajeh with the intention of raping her in order to satisfy his own sexual desires. (Trial T. 251-255). In fact, during the commission of the assault, defendant-appellant told Ms. Arvajeh that he intended to rape her. (Trial T. 253). The evidence demonstrated further that defendant-appellant then proceeded with the actual rape. (Trial T. 255). Pursuant to the plain language of R.C. 2950.01(D)(3), the mere fact that defendant-appellant committed the felonious assault for the purpose of gratifying his own sexual needs or desires is sufficient for the trial court to classify defendant-appellant as a sexually oriented offender. See State v. Gilman (March 2, 1998), Warren App. No. CA97-05-041, unreported; State v. Rimmer (April 29, 1998), Lorain App. No. 97CA006795, unreported. A review of the record in its entirety demonstrates that the trial court's determination that defendant-appellant be classified as a sexually oriented offender was based upon clear and convincing evidence. Accordingly, the trial court did not err in reaching such a conclusion.
Defendant-appellant's first assignment of error is not well taken.
Defendant-appellant's second assignment of error states:
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT WAS A "SEXUALLY ORIENTED OFFENDER" WITH CONSEQUENT REGISTRATION FOR TEN YEARS, SINCE CHAPTER 2950, AS AMENDED, DOES NOT ALLOW THIS DETERMINATION TO BE MADE IN CASES IN WHICH A DEFENDANT IS INCARCERATED PRIOR TO THE ENACTMENT OF H.B. 180.
Defendant-appellant argues, through his second assignment of error, that the trial court erred in determining that he was a sexually oriented offender. Specifically, defendant-appellant maintains that R.C. 2950.03 allows for a sexually oriented offender hearing only in cases where the offender is sentenced on or after the effective date of the statute. In this instance, defendant-appellant was sentenced prior to the effective date of the statute and therefore maintains that he could not be labeled as a sexually oriented offender. Essentially, defendant-appellant argues that there is no applicable statutory provision for determining that he should be classified as a sexually oriented offender.
Pursuant to R.C. 2950 et seq., a sexually oriented offender is a person who is convicted of or pleads guilty to a sexually oriented offense as defined by R.C. 2950.01(D)(3), but is not adjudicated or determined by the trial court to be a sexual predator as defined by R.C. 2950.01 (E), or a habitual sex offender as defined by R.C. 2950.01 (B). See State v. Lyons (June 26, 1998), Erie App. No. E-97-045, unreported and State v. Boyd (June 26, 1998), Huron App. No. H-97-041, unreported. While it is true that the term sexually oriented offender is not explicitly defined in R.C. 2950, a review of the chapter in its entirety clearly implies this third category. State v. Cook (1998). 83 Ohio St.3d 404, 407.
In the case herein, a review of R.C. 2950.03 demonstrates that, contrary to defendant-appellant's assertion, there is nothing in the statute, or any other provision of R.C. 2950, that purports to limit the determination of a sexually oriented offender only to defendants convicted on or after the effective date of the legislation. Accordingly, the trial court did not err in concluding that defendant-appellant should be classified as a sexually oriented offender under the statute.
Defendant-appellant's second assignment of error is not well taken.
Defendant-appellant's third assignment of error states:
 III. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
Defendant-appellant's fourth assignment of error states:
 IV. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
Defendant-appellant's fifth and final assignment of error states:
 V. THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
Having a common basis in both law and fact, this court shall consider defendant-appellant's third, fourth and fifth assignments of error simultaneously.
Defendant-appellant argues, through his third, fourth and fifth assignments of error, that H.B. 180 constitutes an unconstitutional deprivation of his right against double jeopardy and that the notification provision contained therein constitutes cruel and unusual punishment. Defendant-appellant maintains further that the trial court erred by concluding that the Ohio Rules of Evidence do not apply to H.B. 180 proceedings.
In the case herein, a thorough review of the record from the trial court and the briefs of counsel demonstrates that defendant-appellant's assigned errors concerning the constitutionality of R.C. 2950 are without merit in light of the recent Ohio Supreme Court decision in State v. Cook (1998),83 Ohio St.3d 404 as well as this court's interpretation of theCook decision in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. In the above cited cases, it was determined that the notification, registration and verification provisions of R.C. 2950 are remedial in nature rather than punitive and therefore R.C. 2950 is constitutional in scope as well as application.
Similarly, the Cook decision addressed the applicability of the Ohio Rules of Evidence to R.C. 2950 hearings as follows:
 Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest; criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise. Evid.R. 101 (C). A sexual predator determination hearing is similar to sentencing or probation hearings where it is settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Thus reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge.
Id. at 425. Clearly, the trial court did not err in concluding that the Ohio Rules of Evidence are not applicable to H.B. 180 proceedings.
For the foregoing reasons, defendant-appellant's third, fourth and fifth assignments of error are not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN,. JUDGE
SPELLACY, P.J., and BLACKMON, J., CONCUR.